## INTERSTATE COMMERCE COMMISSION v. FORDHAM BUS CORPORATION.

District Court, S. D. New York.
May 13, 1941.

Mathias F. Correa, U. S. Atty., of New York City (Myles J. Lane, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Charles E. Cotterill, of New York City, for defendant.

GALSTON, District Judge.

This action is brought pursuant to the provisions of the Motor Carrier Act of 1935, and particularly of Sec. 222(b), Title 49 U.S.C.A. § 322(b).

The defendant is a corporation organized and existing under the laws of the State of New York and is engaged in the transportation of passengers by motor vehicle in interstate commerce for compensation in regular route operations on public highways in New York and Connecticut, between New York City and Wingdale and Wassaic, New York, by way of Connecticut, and was and is a motor carrier in interstate commerce subject to the provisions of the Motor Carrier Act of 1935, Title 49 U.S.C.A. Chap. 8, § 301 et seq.

The Commission complains that for more than eight months prior to the filing of the complaint, on Sundays and legal holidays, the defendant transported by motor vehicle on public highways between the points designated, numerous passengers and charged and collected from each passenger compensation for such service, though there was not in force a certificate of public convenience and necessity issued by the Interstate Commerce Commission authorizing such transportation and such operation. It is urged that the acts of the defendant are in violation of Sec. 206(a) of the Motor Carriers Act of 1935 and are subject to be enjoined by this court under the express provisions of Sec. 222(b) of the Motor Carriers Act.

For a second cause of action it is urged that the defendant had not filed with the Commission any tariff showing any rate or fare on which said passengers were to be transported, and that such acts are in violation of Secs. 217, subdivision (a) and 217, subdivision (d) of the Motor Carrier Act of 1935.

Accordingly, the plaintiff seeks an injunction to restrain the operation of the defendant company over the routes indicated until the defendant secures a certificate of public convenience and necessity and files a schedule of rates and fares.

The answer raises the issue whether a certificate of public convenience and necessity was not in force; denies that it operates via any fixed route, and alleges that it has on file with the Interstate Commerce Commission, as required by law, a schedule of its minimum charges for the transportation of passengers in interstate commerce within the limits of its certificate of public convenience and necessity.

It was established at the trial that the bus corporation was incorporated in June, 1936; that it engages in the transportation of passengers by motor vehicle in charter service from the City of New York to points in the States of New York, New Jersey, Pennsylvania and Connecticut. On

February 24, 1938, the Interstate Commerce Commission issued an order to the defendant authorizing the issuance of a certificate of public convenience and necessity for the transportation of passengers in special or charter service over irregular routes from New York City to places in the above-named states. On March 24, 1938, the defendant sought to have such order include the States of Delaware, Maryland and Rhode Island. On July 11, 1939, the Commission vacated the compliance order of February 24, 1938. On April 18, 1940, the Commission issued an order directing the issuance of a certificate of public convenience and necessity to the defendant authorizing it to operate as a motor carrier over irregular routes in round trip charter operations from New York City to all points in New York, New Jersey, Pennsylvania, Connecticut, Massachusetts, Maine, Maryland and the District of Columbia, and so far as the record discloses the finding must be that such is the only effective order of the Interstate Commerce Commission relating to the operation of defendant's buses. As thus circumscribed, the defendant under that order may operate only in round trip charter operations over irregular routes.

So far as tariffs are concerned, the certificate of the secretary of the Interstate Commerce Commission certifies that there is on file in the office of the Commission a freight tariff for charter work in New York, New Jersey, Pennsylvania, Delaware, Maryland, Virginia, Connecticut, Rhode Island, Massachusetts and Maine, which was received by the Commission on July 1, 1936. The record discloses no other schedule of rates or tariffs filed by the defendant. These charges relate to a bus capacity basis, not a passenger basis, for one way or round trip from New York to Wingdale or Wassaic, or return.

The evidence discloses that the defendant does carry passengers on its buses which are operated on a regular schedule on Saturdays, Sundays and holidays from New York to Wingdale and Wassaic through Connecticut; that it has circulated advertising matter setting forth its schedules, rates and the terminals from which the buses depart in this interstate operation; that it sells tickets to individual passengers, charging $1.50 for a one way trip and $2 for a round trip. It is such operation which forms the subject matter of this suit.

The relevant law is found in the Motor Carrier Act of 1935, 49 U.S.C.A. § 322. Subdivision (b) thereof relates to the jurisdiction of District Courts to restrain violations and enforce orders. That section of the statute in part provides: "If any motor carrier * * * operates in violation of any provision of this chapter * * * or any * * * order thereunder, or of any term or condition of any certificate * * * the Commission * * * may apply to the district court of the United States for any district where such motor carrier * * * operates, for the enforcement of such provision of this chapter * * * and such court shall have jurisdiction to enforce obedience thereto by a writ of injunction * * * restraining such carrier * * * from further violation of such provision of this chapter * * *."

The section affords full authority for the Commission to institute suit and for this court to exercise jurisdiction. See United States v. Trans-Missouri Freight Association, 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007.

The asserted position of the defendant is that this action is in effect a petition to review or enforce an order of the Interstate Commerce Commission. Such is not the language of the complaint nor its substance. It is true that the Motor Carrier Act of 1935, 49 U.S.C.A. § 305(h), does empower the court to review the Commission's order. What the defendant ignores, or seeks to ignore, is that this is not a proceeding to review any order of the Interstate Commerce Commission. It is clearly an action to restrain the defendant from any further violation of the Motor Vehicle Act. The operation of the buses by the defendant, which is the subject of the present complaint, results from the failure of the defendant to procure a necessary certificate pursuant to the terms of the act for such operation. The only authority disclosed by the record is the right for the defendant to act as a common carrier in the transportation over irregular routes—be it observed not regular routes—of passengers and their baggage in round trip charter operations from New York City to points in the states which have been referred to. But clearly the sale of individual tickets and the practice of the defendant in the operation of scheduled trips over regular routes is without the

scope of the authority. Its practice is not a "charter" operation nor over irregular routes.

Heed must be given to 49 U.S.C.A. § 306, which in part reads: "§ 306. Certificate of convenience and necessity

(a) Necessity for; motor carriers in bona fide operation on June 1, 1935. Except as otherwise provided in this section and in section 310a, no common carrier by motor vehicle * * * shall engage in any interstate * * * operation * * * under the exclusive jurisdiction of the United States, unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations * * *."

I conclude that the operations complained of constituted a violation of the Motor Carrier Act and that the plaintiff is entitled to the judgment sought as to both causes of action.